# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1706 | **DATE** | 10/15/2001 |
| **CASE TITLE** | USA, ex rel. Rodney Owens vs. James A. Chrans | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's petition for writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 16 2001 date docketed | 14 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 OCT 15 PM 5:17 | 10/15/2001 date mailed notice | |
| ETV courtroom deputy's initials | | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., ) <br> RODNEY OWENS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JAMES A. CHRANS, ) <br> ) <br> Respondent. ) | **DOCKETED** <br> OCT 1 6 2001 <br><br> No. 00 C 1706 <br><br> Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Three shots rang out at a party at 3640 S. Ellis in Chicago, Illinois on August 10, 1996. Police officers in the area at the time heard the three shots and, as they approached, saw a man running from the scene with a gun. The officers searched for a suspect, and eventually found Petitioner, Rodney Owens, lying in a grassy lot with a gun lying near him on the ground. At the conclusion of a bench trial, Petitioner was found guilty of first degree murder and two counts of attempted first degree murder. The trial court sentenced Petitioner to 45 years' imprisonment for the first degree murder and to two consecutive 10-year terms for the attempted murder convictions after hearing evidence regarding aggravation and mitigation. The Illinois Appellate Court affirmed Petitioner's conviction and sentence, and his state post-conviction petition was unsuccessful. Now in the custody of Respondent James A. Chrans, Warden of Joliet Correctional Center, Petitioner brings this federal habeas corpus petition pursuant to 28 U.S.C. 2254, raising three claims. As discussed below, each of Petitioner's three claims are procedurally defaulted, and thus, his petition for writ of

habeas corpus is denied.

## PROCEDURAL HISTORY

Petitioner appealed his conviction to the Appellate Court of Illinois, First Judicial District,[1] raising two arguments. Petitioner argued, first, that the Truth-in-Sentencing statute, 730 ILCS 5/3-6-3, is unconstitutional because it violates the single subject rule of the Illinois Constitution. Second, Petitioner claimed that his 65-year cumulative sentence was excessive. (Exhibit D, Answer to Petition for Writ of Habeas Corpus (hereinafter "Answer to Petition"), *People v. Owens*, No. 1-97-3749, Ill. App. Ct., 1st Dist., December 29, 1998, at 1.) The Appellate Court affirmed Petitioner's conviction and sentence on December 29, 1998. (*Id.* at 13.) Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court. (Answer to Petition ¶ 4.)

On August 3, 1999 Petitioner filed a *pro se* petition for post-conviction relief claiming that he had been denied the effective assistance of appellate counsel. (Exhibit F, Answer to Petition, Petition for Post-Conviction Relief, ¶¶ 24-57.) Petitioner asserted that his appellate counsel was ineffective due to his failure to raise, on three specific grounds, that his trial counsel had been ineffective. (*Id.*) On September 10, 1999, Petitioner filed an amendment to his post-conviction petition in which he added a claim that he had been denied the effective assistance of trial counsel because trial counsel did not call a particular witness to testify on Petitioner's behalf. (Exhibit G, Answer to Petition, Amended Petition for Post Conviction Relief, ¶ 58.) The Cook

---

[1] The court cannot determine from the record the date on which Petitioner filed his direct appeal with the Illinois Appellate Court.

2

County Circuit Court denied Petitioner's post-conviction petition on October 25, 1999 as untimely, and noted that even if Petitioner had timely filed his post-conviction petition, it would have failed because Petitioner did not "demonstrate a substantial violation of his constitutional rights," and his claims regarding ineffective assistance of counsel lacked merit. (Exhibit H, Answer to Petition, *People v. Owens*, No. 96-CR-22773, Cook Cty. Cir. Ct., Central Div., October 25, 1999, at 4-7.) Petitioner did not appeal from the trial court's denial of his post-conviction petition. (Answer to Petition ¶ 6.)

On March 20, 2000, Petitioner filed his petition in this court, raising the following claims: (1) the Illinois Truth-In-Sentencing statute is unconstitutional because it violates the single subject clause of the Illinois Constitution; (2) Petitioner's 65-year cumulative sentence is excessive; and (3) Petitioner was denied the effective assistance of appellate counsel because appellate counsel failed to argue the ineffectiveness of Petitioner's trial counsel. (Petition for Writ of Habeas Corpus (hereinafter "Petition").) For the reasons set forth below, Owen's petition for writ of habeas corpus is denied.

## DISCUSSION

A.  **Standard of Review**

Under §§ 2254 of the Anti-Terrorism and Effective Death Penalty Act, a prisoner is entitled to a writ of habeas corpus if he is being held under a state court judgment obtained in violation of the Constitution. 28 U.S.C. §§ 2254; *Williams v. Taylor*, 529

3

U.S. 362, 120 S.Ct. 1495, 1504 (2000). The federal court will not grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court proceedings unless that state decision: (1) was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1) & (2); *Boss v. Pierce*, 263 F.3d 734, 2001 WL 995354, at *3 (7th Cir. Aug. 31, 2001); *Alvarez v. Boyd*, 225 F.3d 820, 824 (7th Cir. 2000). This court will not reach the merits of a habeas corpus petition, however, unless Petitioner can show that he has exhausted his state remedies and avoided procedural default. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000); *Moleterno v. Nelson*, 114 F.3d 629, 633-4 (7th Cir. 1997).

B. **Exhaustion and Procedural Default**

Habeas relief is only available to a Petitioner who has exhausted his claims in state court. 28 U.S.C. § 2254. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Under Section 2254(c), a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In *O'Sullivan*, the Supreme Court explained that "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,

. . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. In Illinois, "one complete round" is finished once the Petitioner has presented the habeas claims, whether on direct appeal or on post-conviction appeal, at each stage of the appellate process, up through and including the Illinois Supreme Court. *See id.* at 847-48.

Petitioner, in his direct appeal to the Illinois Appellate Court, raised the first two of his three habeas claims. (Answer to Petition at 4.) After the Appellate Court affirmed his conviction and sentence, however, Petitioner did not petition for leave to appeal these claims to the Illinois Supreme Court. (*Id.*) Petitioner subsequently sought post-conviction relief, raising the third of his three habeas claims, but was again denied, and again, did not appeal this denial to the next level, in this instance, the Illinois Appellate Court. (*Id.*)

In summary, Petitioner did not present any claims from his direct appeal or from his post-conviction appeal to the Illinois Supreme Court. (Petition; Answer to Petition at 4.) Furthermore, the deadline for Petitioner to have made any such claims has long since come and gone: Petitioner, who filed an affidavit of intent to appeal, had 35 days from the Appellate Court's ruling on his direct appeal to seek leave to appeal to the Illinois Supreme Court, and 30 days from the circuit court's decision on his post-conviction petition to file a notice of appeal. (Ill. Sup. Ct. Rules 315(b), 606(b), & 651(b).) Thus, because a failure to pursue a discretionary appeal to the highest court

constitutes a procedural default that bars resort to federal habeas corpus relief, Petitioner procedurally defaulted on each of the three claims raised in his habeas petition. *See White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).

Where a Petitioner's claims are procedurally defaulted, the court may consider the merits of the habeas petition only if he can " 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.' " *Anderson v. Cowan*, 227 F.3d 893, 899-900 (7th Cir.2000), quoting *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Petitioner has made no attempt to offer such a demonstration, other than to state in his reply to Respondent's answer that a "refusal to review these constitutional claims would result in a 'fundamental miscarriage of justice.' " (Petitioner's Traverse/ Reply to Respondent's Answer, p. 7.) The court finds nothing in the record to suggest that there was cause justifying Petitioner's procedural default. Petitioner had previously raised each claim that he raised in his habeas petition either on direct appeal or in his post conviction petition. Petitioner has not presented, nor does the court find, any reason Petitioner could not have continued to pursue these claims to their full conclusion.

Petitioner here offers the bare assertion that a fundamental miscarriage of justice would ensue should this court refuse to address his constitutional claims, but this is inadequate. As the Seventh Circuit has recognized, the controlling case in this context is the Supreme Court's decision in *Schlup v. Delo*, 513 U.S. 298 (1995). *See*

*U.S. ex rel. Bell v. Pierson*, No. ___, ___ F.3d ___, 2001 WL 1029282 at *5 (7th Cir. Sept.10, 2001). *Schlup* explains that, for Petitioner to show that his case fits into the "narrow class of cases" that implicate a fundamental miscarriage of justice, he must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 315, 327; see *Bell*, 2001 WL 1029282 at *5. Only if Petitioner can show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" will his constitutional claims be evaluated. *Schlup*, 513 U.S. at 327. Petitioner here offers no new evidence, with respect to his innocence or otherwise. The court finds no reason to look past the procedural default of Petitioner's habeas claims to their respective merits. Petitioner's petition for writ of habeas corpus is denied.

ENTER:

Dated: October 15, 2001

REBECCA R. PALLMEYER
United States District Judge